# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

## STATE OF TENNESSEE v. MICHAEL HURST

**Appeal from the Circuit Court for Blount County**
**No. C-14603     David R. Duggan, Judge**

---

**No. E2009-01861-CCA-R3-CD - Filed July 21, 2010**

---

The defendant, Michael D. Hurst, has appealed the Blount County Circuit Court's September 4, 2009 revocation of his community corrections placement which resulted in his serving the balance of his 2004 eight-year, guilty pleaded sentence for drug possession. The State has moved the court to summarily affirm the circuit court's revocation order pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals. Because the record supports the State's motion, we affirm the order of the circuit court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed Pursuant to Rule 20. Rules of the Court of Criminal Appeals**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and NORMA MCGEE OGLE, J., joined.

J. Liddell Kirk, Knoxville, Tennessee (on appeal); and Mack Garner, District Public Defender (at trial), for the appellant, Michael Hurst.

Robert E. Cooper, Attorney General & Reporter; and Kathy Aslinger, Assistant District Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

Prior to the July 6, 2009 community corrections violation report now at issue, the trial court had once revoked the defendant's 2004 release into the community. In the revocation hearing on the July 6, 2009 report, the State introduced evidence that an officer who stopped the vehicle driven by the defendant because of a license tag irregularity found marijuana and drug paraphernalia in the vehicle. Despite the defendant's claims that he had only had the vehicle for about a week and that he was unaware that the marijuana and the paraphernalia were in the vehicle, the trial court found that the defendant committed drug

offenses that violated the terms of his community corrections placement. It ordered the defendant to serve the balance of his sentence in confinement.

We note that the July 6, 2009 violation report alleged as a breach of the community corrections placement that the defendant had been arrested for possession of marijuana and drug paraphernalia. Despite the "arrest" wording of the report, and although the trial court's findings were worded to include the arrest for these possession violations, the record clearly shows that the State proved in the hearing that the defendant was not only arrested for, but was guilty of possession of marijuana and drug paraphernalia. The record also shows that the trial court found that the defendant was in actual and constructive possession of these items when stopped by the police. Finally, the defendant, in his brief, does not claim that the revocation was based upon a mere arrest; rather, he asserts that the violation was minimal and did not warrant confinement.

As such, the decision to revoke the community corrections placement and the order of confinement were within the discretion of the trial court, *State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn.2001), and the defendant does not articulate a basis for this court's discerning an abuse of discretion.

Accordingly, the order of the circuit court is affirmed pursuant to Rule 20.

_____
JAMES CURWOOD WITT, JR., JUDGE